UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ALBERT,

       Plaintiff,

v.

BUREAU OF HEALTH CARE SERVICES, MID-MICHIGAN CORRECTIONAL FACILITY, CORRECTIONAL MEDICAL SERVICES, INC., MACOMB CORRECTIONAL FACILITY, MICHIGAN MEDICAL MANAGEMENT AFFILIATES, a Michigan Limited Liability Corporation d/b/a TLC LASER CENTER A/K/A TLC EYE CENTER, and MICHIGAN DEPARTMENT OF CORRECTIONS, Jointly and Severally,

       Defendants.
_____/

CASE NO. 2:08-CV-13884
JUDGE ANNA DIGGS TAYLOR
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON:**
**(1) DEFENDANT CORRECTIONAL MEDICAL SERVICES'S MOTION TO DISMISS (docket #11); (2) MDOC DEFENDANTS' MOTION TO DISMISS (docket #19); and (3) DEFENDANT MICHIGAN MEDICAL MANAGEMENT AFFILIATES' MOTION FOR SUMMARY DISPOSITION (docket #21)**

I.    RECOMMENDATION: The Court should grant defendant Correctional Medical Services's motion to dismiss, the MDOC defendants' motion to dismiss, and defendant Michigan Medical Management Affiliates's motion for summary judgment.

II.    REPORT:

A.    *Procedural Background*

Plaintiff Steven Albert, through counsel, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on September 19, 2008. At the times relevant to this complaint plaintiff was

1

incarcerated at the Mid-Michigan Correctional Facility or the Macomb Correctional Facility. Plaintiff names as defendants the Michigan Department of Corrections (MDOC), the MDOC's Bureau of Health Care Services, the Mid-Michigan Correctional Facility, and the Macomb Correctional Facility (collectively the "MDOC defendants"); Correctional Medical Services, Inc. (CMS); and Michigan Medical Management Affiliates (MMMA), doing business as the TLC Laser Center (also known as the TLC Eye Center). Plaintiff alleges that on July 31, 2002, he was diagnosed with macular degeneration by Dr. Steven Zeldes. *See* Compl., ¶ 27. He was referred to TLC Eye Care where, on September 5, 2002, he was seen by Dr. El-Naggar and Dr. Gordon. *See id.*, ¶¶ 28-30. Petitioner alleges that "[s]ince the diagnosis of macular degeneration was made in June of 2002, the Defendants have failed and refused to provide timely, proper and adequate medical care so as to slow and prevent the progression of macular degeneration[.]" *Id.*, ¶ 48. As a result, plaintiff alleges, he has suffered loss of vision in his left eye, severe headaches, blurred vision, and emotional distress. *See id.*, ¶ 54. Plaintiff alleges that defendants' acts and omissions amounted to deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

This matter is currently before the Court on three motions filed by defendants. On October 6, 2008, defendant CMS filed a motion to dismiss pursuant to Rule 12(b)(6). Defendant CMS argues that plaintiff's claim are solely based on *respondeat superior*, and that such liability is not appropriate under § 1983. Second, on November 17, 2008, the MDOC defendants filed a motion to dismiss, arguing that they are immune from suit under the Eleventh Amendment. Finally, on January 28, 2009, defendant MMMA filed a motion to dismiss or for summary judgment, arguing that plaintiff's claims are barred by the statute of limitations or do not state a claim. On January 26, 2009, I entered an Order requiring plaintiff to file a response to the CMS and MDOC motions by

February 23, 2009. On April 13, 2009, I entered an Order requiring plaintiff to file a response to the MDOC and MMMA motions by June 3, 2009. Notwithstanding these Orders, and notwithstanding E.D. MICH. LR 7.1(d)(1) ("A response to a dispositive motion must be filed within 21 days after service of the motion."), plaintiff has not filed a response to any of the three pending dispositive motions. For the reasons that follow, the Court should grant each of the motions and dismiss plaintiff's complaint.

B.   *Legal Standards*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47. However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (parallel citations omitted).[1]

---

[1] A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Defendant MMMA has attached exhibits to its motion for summary disposition. These exhibits, however, relate only to its argument that plaintiff's claims are barred by the statute of limitations. As discussed below, defendant MMMA is entitled to dismissal under Rule 12(b)(6) on its alternative argument that plaintiff has failed to allege that it violated his constitutional rights. This determination is based on the complaint itself, and does not require consideration of the evidence submitted by MMMA. Thus, the Court need not treat MMMA's motion as a motion for summary judgment.

C.      *Analysis*

    1.      *Defendants CMS's and MMMA's Motions to Dismiss*

Defendants CMS and MMMA both move for dismissal on the ground that plaintiff has failed to allege any unconstitutional conduct on their part. The Court should agree, and should therefore grant both CMS's motion and MMMA's motion to dismiss.

It is well established that liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "To recover damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal responsibility for the claimed deprivation of a constitutional right." *Diebitz v. Arreola*, 834 F. Supp. 298, 304 (E.D. Wis. 1993). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own conduct, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Thus, for example, in the context of a municipality, a plaintiff cannot establish the municipality's liability unless he shows that "deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). This rule of municipal liability applies equally to private corporations that are deemed state actors for purposes of § 1983. *See Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996); *see also*, *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (citing cases); *Dashley v. Correctional Med. Servs., Inc.*, 345 F. Supp. 1018, 1021 (E.D. Mo. 2004). Thus, "CMS, although clearly a state actor and therefore a proper party to this § 1983 action, cannot be held vicariously liable for the actions of its agents . . . . Hence, CMS's liability must . . . be premised on some policy that caused a deprivation of [plaintiff]'s Eighth Amendment rights."

*Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir. Mar. 26, 2001). The same rule applies to MMMA, a private corporate body like CMS.

Here, plaintiff has not asserted that the alleged failures of CMS personnel resulted from any policy of CMS, or from CMS's own deliberate indifference. Plaintiff complains of discreet acts by prison and medical personnel. Plaintiffs only allegations against CMS are that various of the individual medical providers were agents, servants, or employees of CMS. *See* Compl., ¶¶ 42-47. Similarly, plaintiff's allegations against defendant MMMA are limited to allegations against MMMA employees:

> 28.   On or about August 23, 2002, Plaintiff was referred to TLC Laser Center, to see Dr. Naggar, noting that his need was urgent for follow-up care on September 5, 2002.
>
> 29.   On or about September 5, 2002, Plaintiff was seen by Dr. El-Naggar and continued to see Dr. El-Naggar, Dr. Zeldes and Dr. McGraff very sparingly throughout 2002, 2004, and 2006; however [he] never received any form of treatment for the degenerative condition of his eye.
>
> 30.   On or about September 5, 2002, Dr. Gordon of TLC Eye Care evaluated Plaintiff and failed to recommend any treatment for his medical condition and simply recommended a follow-up.

Compl., ¶¶ 28-30. These allegations are insufficient to state a claim that CMS or MMMA were themselves involved in the alleged deprivation of plaintiff's rights. *See Dashley*, 345 F. Supp. 2d at 1022. Accordingly, the Court should conclude that defendant CMS and defendant MMMA are entitled to dismissal with respect to plaintiff's constitutional claims against them.

2.   *MDOC Defendants' Motion to Dismiss*

In their motion to dismiss, the MDOC defendants argue that they are arms of the State of Michigan cloaked by the State's immunity from suit under the Eleventh Amendment. The Court should agree, and should therefore grant the MDOC defendants' motion to dismiss.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion). This immunity is based on a two part presupposition: (1) each state is a sovereign entity; and (2) "it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." THE FEDERALIST No. 81, at 487 (Alexander Hamilton) (Clinton Rossiter ed. 1961); *see Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Hans*, 134 U.S. at 13. Thus, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also, Papasan v. Allain*, 478 U.S. 265, 276 (1986).

"Because the MDOC is a state agency and the State of Michigan has not consented to civil rights suits in the federal courts, the MDOC is entitled to Eleventh Amendment immunity." *Sims v. Michigan Dep't of Corrections*, 23 Fed. Appx. 214, 215 (6th Cir. 2001). The MDOC is immune from plaintiff's claims both for monetary damages and injunctive relief. *See Seminole Tribe*, 517 U.S. at 58 (citing *Cory v. White*, 457 U.S. 85, 90 (1982)) ("[T]he relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."). Likewise, because the Bureau of Health Care Services, Mid-Michigan Correctional Facility, and

Macomb Correctional Facility are entities within the MDOC, they too are entitled to Eleventh Amendment immunity. *See Black v. MDOC Bureau of Health Care*, No. 08-CV-11197, 2008 WL 1735289, at *1 (E.D. Mich. Apr. 14, 2008) (Borman, J.) (Bureau of Health Care Services entitled to Eleventh Amendment immunity); *Hagopian v. Smith*, No. 05-CV-74025, 2007 WL 3038024, at *1 (E.D. Mich. Oct. 18, 2007) (Steeh, J.) (same); *Pillete v. Oaks Correctional Facility*, No. 1:06-cv-210, 2006 WL 1313872, at *2 (W.D. Mich. May 12, 2006) (state correctional facility entitled to Eleventh Amendment immunity); *see also*, *Fleming v. Martin*, 24 Fed. Appx. 258, 259 (6th Cir. 2001) (Parole Board, as entity within the MDOC, is entitled to Eleventh Amendment immunity); *see also*, *Lee v. Michigan Parole Board*, 104 Fed. Appx. 490, 492 (6th Cir. 2004) (Parole Board and Bureau of Forensic Mental Health Services entitled to immunity).[2] Accordingly, the Court should grant the MDOC defendants' motion to dismiss.

D.    *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff has failed to allege an unconstitutional action on the part of defendants CMS and MMMA, rather than their employees or agents. Because there is no vicarious liability under § 1983, the Court should conclude that plaintiff has failed to state a claim upon which relief may be granted against these defendants. The Court should also conclude that because defendants MDOC, Bureau of Health Care Services, Mid-Michigan Correctional Facility, and Macomb Correction Facility are arms of the State of Michigan,

---

[2]Relatedly, § 1983 provides a cause of action against "[e]very person" who violates a plaintiff's constitutional rights under color of state law. Neither states nor their arms and agencies constitute "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, "[n]either a prison nor a state corrections department is a 'person' within the meaning of § 1983." *Morris v. Michigan*, No. 2:06-CV-64, 2006 WL 1430058, at *3 (W.D. Mich. May 23, 2006); *see also*, *Phippen v. Nish*, 223 Fed. Appx. 191, 192 (3d Cir. 2007) (state prison not a "person" under § 1983); *Hix v. Tennessee Dep't of Correction*, 196 Fed. Appx. 350, 355-56 (6th Cir. 2006) (state prison health department not a "person" under § 1983).

they are neither amenable to suit under the Eleventh Amendment nor "persons" under § 1983. Accordingly, the Court should grant each of the defendants' motions to dismiss.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives

PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE
Dated: July 21, 2009

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 21, 2009.

s/Eddrey Butts
Case Manager